UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM EARL SWEET,

          Petitioner,

v.                                                       Case No. 3:18-cv-874-J-34JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

          Respondents.
_____

## ORDER

Petitioner William Sweet, an inmate of the Florida penal system, initiated this action on July 12, 2018, by filing, with the assistance of counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1), with exhibits (Pet. Ex.; Doc. 2). In the Petition, Sweet challenges a 1991 state court (Duval County, Florida) judgment of conviction for first-degree murder, three counts of attempted first-degree murder, and armed burglary. Sweet was sentenced to death for his first-degree murder conviction. Sweet raises one ground for relief, alleging newly discovered evidence in the form of witness testimony exonerates him.[1] Petition at 17-24.[2] On October 2, 2018, the Court stayed the case to await final resolution of a pending state postconviction motion. Doc. 11. The Court lifted the stay twice in order to receive status reports. Docs. 12, 15, 20. Following receipt of the second status report, Respondents filed a motion to dismiss for

---

[1] Sweet alleges that Eric Wilridge and Marcene Cofer's newly discovered testimony proves that his death sentence is constitutionally unreliable. Petition at 17.

[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

lack of subject matter jurisdiction. See Respondents' Motion to Dismiss for Lack of Jurisdiction (Motion; Doc. 23). The Court ordered Sweet to respond, Doc. 24, which Sweet did on August 21, 2010, see Petitioner's Response to Respondents' Motion to Dismiss for Lack of Jurisdiction (Response; Doc. 27). Respondents filed a brief in reply. See Respondents' Reply to the Response to the Motion to Dismiss for Lack of Jurisdiction (Reply; Doc. 29).

In the Motion, Respondents argue that the Court lacks jurisdiction over this case because Sweet failed to obtain prior authorization from the Eleventh Circuit to file a successive habeas petition under § 2254. Motion at 1-2. Respondents note that on January 18, 2005, Sweet filed in the Middle District of Florida a petition for writ of habeas under § 2254, case number 3:03-cv-00844-20. Id. at 5. A jurist of this Court dismissed that petition as untimely. See Sweet v. Crosby, No. 3:03-CV-844-J-20, 2005 WL 1924699, (M.D. Fla. Aug. 8, 2005), aff'd sub nom. Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311 (11th Cir. 2006). While Respondents acknowledge that the United States Supreme Court has held there is an exception to the pre-approval requirement for filing a successive habeas petition, they contend that exception does not apply to Sweet's claim raised in the Petition. Motion at 9-11. Alternatively, Respondents contend that should the Court find it has jurisdiction, then it should deny relief on the merits of the Petition. Id. at 12-23.

In his Response, Sweet acknowledges that he filed a previous federal habeas petition but contends that the instant Petition is not considered second or successive under the law. Response at 3-4. Relying on Panetti v. Quarterman, 551 U.S. 930 (2007), Sweet maintains that because the witness testimony was not available at the time he filed his original habeas petition or by the time his original petition was dismissed, the instant

Petition is not successive.³ Response at 4-10. According to Sweet, neither he nor his counsel were aware of Eric Wilridge's testimony until 2015, and law enforcement was unaware of him during the original homicide investigation. Id. at 7. Moreover, Sweet avers that because federal law requires him to exhaust claims in state court before raising them in a federal habeas petition, he could not immediately file a habeas petition on this claim in 2015, and thus it was not ripe until the state courts finished reviewing the claim. Id. at 9-10. Sweet also argues that the Court should treat his original petition as a nullity because it was untimely and, as such, never properly filed. Id. at 10-15. Regarding Respondents' alternative argument, Sweet asserts that the Court should not rule on the merits of the Petition because the Court does not have access to the complete record on appeal nor have Respondents properly responded to the Petition. Id. at 15-18. Sweet also requests leave to amend the Petition. Id. at 18-20.

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016). After a prisoner pursues one petition for federal habeas corpus relief, Congress has acted - in the interest of ending repetitive habeas filings by convicted prisoners - to require, as a jurisdictional matter, that an applicant filing a second or successive habeas petition first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Federal law provides that a second or successive

---

³ Sweet also argues that Respondents should be barred from raising a jurisdictional argument because Sweet argued in the Petition that it was not successive, and Respondents waited approximately two years to file the Motion. Response at 4. The Court finds this argument unavailing in light of the procedural history of this case, specifically because the Court granted Sweet's request to stay the proceedings.

habeas petition that raises a claim not presented in a prior petition may not be dismissed if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the newly discovered evidence "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). However, pursuant to § 2244(b)(3)(A), the court of appeals, not a district court, shall determine whether to permit a petitioner to file a second or successive petition raising a claim based on newly discovered evidence. See also Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009) (noting the proper procedure for bringing a second or successive habeas petition is to obtain from the Eleventh Circuit an order authorizing the district court to consider the second or successive petition).

In Panetti, the United States Supreme Court held a district court did not lack jurisdiction to consider a second or successive habeas petition that raised a claim under Ford v. Wainwright, 477 U.S. 399 (1986), that the petitioner was incompetent to be executed, because the claim was not ripe at the time the petitioner filed his original habeas petition. Panetti, 551 U.S. at 945. However, the holding in Panetti is limited only to claims asserting that a petitioner is incompetent to be executed. Tompkins, 557 F.3d at 1259. In Tompkins, the Eleventh Circuit specifically addressed the argument that claims based on new evidence fall within the Panetti exception because they are not ripe for presentation until the evidence is discovered. Id. at 1260. In rejecting this argument, the Court explained that the petitioner's argument was "not what the Supreme Court in Panetti meant by 'ripe.'" Id. The Eleventh Circuit elaborated by stating:

4

> The reason the Ford claim was not ripe at the time of the first petition in Panetti is not that evidence of an existing or past fact had not been uncovered at that time. Instead, the reason it was unripe was that no Ford claim is ever ripe at the time of the first petition because the facts to be measured or proven-the mental state of the petitioner at the time of execution-do not and cannot exist when the execution is years away.

Id. Thereafter, the Eleventh Circuit noted that "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition are contained in § 2244(b)(2)(B)," and found that petitioner failed to meet those requirements. Id.

Based on a plain reading of § 2244(b) and Tompkins, which is binding on this Court, Sweet's argument that he can raise a claim based on newly discovered evidence in a second or successive petition without first seeking pre-approval from the Eleventh Circuit is without merit. Regarding Sweet's contention that his first petition was untimely and therefore should be treated as a nullity, the Eleventh Circuit has also rejected this argument. See Jackson v. Blakely, 762 F. App'x 1003, 1004 (11th Cir. 2019); Pray v. Dep't of Corr., 779 F. App'x 713, 714 (11th Cir. 2019) (citing Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007)) ("Petitions dismissed as time-barred by the Antiterrorism and Effective Death Penalty Act's one-year limitations period are considered to have been dismissed with prejudice, and subsequent petitions qualify as second or successive."). Thus, the dictates of § 2244(b) control here and, therefore, the Court must dismiss the Petition without prejudice to Sweet's right to seek approval from the Eleventh Circuit to file a second or successive petition. See Joyner v. Inch, No. 4:20CV337-MW-HTC, 2020 WL 5604677, at *2 (N.D. Fla. Aug. 17, 2020), report and recommendation

adopted, No. 4:20CV337-MW/HTC, 2020 WL 5604044 (N.D. Fla. Sept. 17, 2020) (finding that the petitioner "must first seek authorization from the Eleventh Circuit to file a successive petition, even one based on newly discovered evidence.").

Accordingly, it is

**ORDERED:**

1. Respondents' Motion (Doc. 23) is **GRANTED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

4. The **Clerk** shall send Petitioner an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he may complete the application and file it in the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8
c:
Counsel of Record